J-S04011-26                    2026 PA Super 52

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUSTIN MITCHELL | : | |
| | : | |
| Appellant | : | No. 1127 EDA 2025 |

Appeal from the PCRA Order Entered April 25, 2025
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0004744-2019

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUSTIN MITCHELL | : | |
| | : | |
| Appellant | : | No. 1534 EDA 2025 |

Appeal from the PCRA Order Entered April 25, 2025
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0007776-2019

BEFORE:  LAZARUS, P.J., STABILE, J., and NEUMAN, J.

OPINION BY LAZARUS, P.J.:                    **FILED MARCH 19, 2026**

Justin Mitchell appeals,[1] *pro se*, from the orders,[2] entered in the Court of Common Pleas of Montgomery County, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After review, we affirm.

This Court previously set forth the facts of these cases as follows:

Around 9:10 p.m. on January 23, 2019, Mitchell, Henry Diaz-Ayala, and Russel Montalvo-Fernandez broke into the home of David Pass and his father, Ralph Williams. Carrying guns, the men planned to rob Pass of money he owed [Mitchell,] who in turn owed it to Diaz[-Ayala] and Montalvo[-Fernandez].

While Montalvo-Fernandez and Pass were on the third floor, Diaz-Ayala was with Williams in his second-floor bedroom. Williams resisted and stabbed Diaz-Ayala, who screamed. Upon hearing Diaz-Ayala's scream, Montalvo-Fernandez shot Pass in the leg and buttocks. Montalvo-Fernandez ran downstairs, where he repeatedly shot and killed Williams.

The three home invaders fled the scene. Diaz-Ayala left a trail of blood from Williams' bedroom, down the stairs, through the kitchen, out the back door, and into the street. Montalvo-

_____

[1] Mitchell filed a single timely notice of appeal containing both of the above-captioned docket numbers in violation of **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), which requires appellants to file separate notices of appeal when a single order resolves issues arising on more than one lower court docket. **But see Commonwealth v. Young**, 265 A.3d 462, 475 (Pa. 2021) (permitting appellate courts to remand, pursuant to Pa.R.A.P. 902, for correction of non-jurisdictional defects in notice of appeal). On June 13, 2025, this Court, in accordance with **Young**, directed Mitchell to file **Walker**-compliant amended notices of appeal. **See** Order, 6/13/25, at 1-3. On June 23, 2025, Mitchell filed the instant **Walker**-compliant amended notices of appeal. Accordingly, his appeals are now properly before us and we proceed to address his appeal.

[2] On July 15, 2025, this Court consolidated Mitchell's appeals *sua sponte*. **See** Pa.R.A.P. 513.

Fernandez drove Mitchell home and then took Diaz-Ayala to the hospital.

Two days later, a traffic-patrol officer attempted to stop Mitchell for illegally tinted car windows. Mitchell began to slow[ ]down but then sped away. Instead of pursuing the car, the patrol officer obtained a [] warrant for Mitchell's arrest.

Several months passed and police eventually apprehended Mitchell and Diaz-Ayala. Meanwhile, Montalvo-Fernandez escaped to Mexico with the help of his close friend, Elijah Moody.

The Commonwealth filed two cases against Mitchell. [Docket No. CP-46-CR-0007776-2019] was for the eluding apprehension by the patrol officer[, and Docket No. CP-46-CR-0004744-2019] was for the crimes committed during the home invasion.

*See Commonwealth v. Mitchell*, 297 A.3d 714, at *1 (Pa. Super. 2023) (Table) (citations and quotations omitted).

Ultimately, a jury convicted Mitchell of second-degree murder and related offenses. On December 16, 2021, the trial court sentenced Mitchell to an aggregate term of life imprisonment without the possibility of parole. Mitchell filed a direct appeal and waived all of his claims by either failing to supplement the record with his Pa.R.A.P. 1925(b) concise statement of errors raised on appeal, raising claims in his brief that were not preserved before the trial court, or failing to raise a substantial question. *See Mitchell*, *supra*. Consequently, on April 11, 2023, this Court affirmed Mitchell's judgment of sentence. *See id.* Mitchell did not seek review in our Supreme Court.

On April 14, 2024, Mitchell filed the instant *pro se* PCRA petition and outlined the following claims of error: (1) the evidence was insufficient; (2) the verdict was contrary to the weight of the evidence; (3) the trial court erred

by admitting testimony of a forensic pathologist; (4) the trial court erred by allowing the Commonwealth to amend the bills of information; and (5) the trial court erred by admitting a timeline exhibit produced by the Commonwealth. *See* PCRA Petition, 4/14/24, at 1-8. Mitchell also averred that he would provide additional claims in an amended PCRA petition. *See id.*

On July 16, 2024, the PCRA court appointed Sean E. Cullen, Esquire, to represent Mitchell. On February 25, 2025, Attorney Cullen filed a *Turner*/*Finley*[3] no-merit letter, in which he concluded that Mitchell's above-mentioned claims were not cognizable and/or lacked merit. *See* No-Merit Letter, 2/25/25, at 1-34. On the same day, Attorney Cullen filed a motion to withdraw. On March 11, 2025, the PCRA court accepted Attorney Cullen's no-merit letter, granted his motion to withdraw, and issued notice of its intent to dismiss Mitchell's PCRA petition without an evidentiary hearing pursuant to Pa.R.Crim.P. 907. Mitchell, now acting *pro se*, did not file a response to the Rule 907 notice.

Instead, Mitchell filed timely amended notices of appeal, as described *supra*, and a court-ordered Rule 1925(b) concise statement. Mitchell now raises the following claim for our review: "Was PCR[A] counsel's assistance rendered ineffective by PCR[A] counsel's failure to argue appellate counsel's ineffectiveness?" Brief for Appellant, at 4.

---

[3] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (en banc).

Mitchell argues that Attorney Cullen rendered ineffective assistance of counsel because he failed to assert that Mitchell's direct appeal counsel was ineffective by waiving all of his direct appeal claims. *See* Brief for Appellant, at 11-28. Unfortunately, Mitchell has waived his claim by failing to raise it in a timely Rule 907 response.

Recently, this Court decided that *pro se* litigants waive a layered ineffectiveness claim where "it was possible for [a]ppellant to timely raise a claim of PCRA counsel's ineffectiveness in the PCRA court . . ., but [a]ppellant did not do so[.]" *See Commonwealth v. Davey*, 345 A.3d 1218, 1224 (Pa. Super. 2025).[4] In reaching this conclusion, this Court emphasized that our Supreme Court in *Bradley*[5] "recognized that traditional issue preservation principles do not apply where they would make it **impossible for a petition to timely raise a claim of initial PCRA counsel's ineffectiveness.**" *Davey*, 345 A.3d at 1224 (quoting *Commonwealth v. Parrish*, 273 A.3d 989, 1003 (Pa. 2022)) (emphasis added). Thus, this Court explained that *Bradley* only permits an appellant to raise a claim of PCRA counsel's

_____

[4] Notably, in *Davey*, PCRA counsel filed a *Turner/Finley* no-merit letter and was granted leave to withdraw. *See Davey*, 345 A.3d at 1221. Subsequently, the PCRA court filed its Rule 907 notice of intent to dismiss the PCRA petition, and Davey failed to file a response. *See id.* Davey subsequently filed a motion to reinstate his right to file a Rule 907 response, which the PCRA court granted. *See id.* Nevertheless, Davey still failed to preserve a challenge to PCRA counsel's ineffectiveness for failing to challenge prior counsel's ineffectiveness, resulting in the aforementioned waiver. *See id.* at 1221-22, 1224.

[5] *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021).

ineffectiveness for the first time on appeal where, "owing to the procedural posture of his case, he had no opportunity to raise that claim before the PCRA court." **Davey**, 345 A.3d at 1224.

In light of this Court's decision in **Davey**, we are constrained to conclude that Mitchell, acting *pro se*, has waived his claims of Attorney Cullen's ineffectiveness by failing to raise them in a timely Rule 907 response after Attorney Cullen was granted leave to withdraw. Thus, we may not address his claim. **See Davey**, **supra**.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/19/2026